### CARSON v. GOOD et al.

No. 9353—Opinion Filed Oct. 1, 1913.

(175 Pac. 239.)

**Appeal and Error—Motion to Vacate Judgment—Evidence—Review.**

Where an order of the court overruling a motion to vacate a judgment is reasonably supported by the evidence, this court will not, upon appeal, disturb or interfere with the judgment of the trial court.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County; George W. Clark, Judge.

Suit to foreclose mortgage by Ida C. Good against Mary C. Carson, with cross-petition by other lienholders. Judgment for plaintiff and cross-petitioners, motion by defendant Carson to set aside judgment denied, and she brings error. Affirmed.

Morgan & Deupree, for plaintiff in error.

L. J. Miller, for defendants in error.

Opinion by HOOKER, C. Ida C. Good instituted suit in the lower court to foreclose a mortgage upon certain real estate, which

mortgage had been executed and delivered by Mary C. Carson to her, and in said action other lienholders were made parties. This suit was filed in February, 1914, and service of summons by publication was had upon Mary C. Carson. Judgment was rendered in favor of the plaintiff and cross-petitioners, foreclosing liens upon said property and ordering a sale of same. Sale was had and confirmed in October, 1915, and deed executed by the sheriff to the plaintiff, Ida C. Good, for said property.

Thereafter, in September, 1916, Mary C. Carson filed a motion to set aside such judgment in favor of Mrs. Good and cross-petitioner Avery, upon the ground that no service of summons was had upon her as required by statute, and that she had not entered her appearance in said action, and she also asks that the sale made to the purchaser be set aside. Various grounds were assigned by her in support of the said motion, which presented issues of fact, all of which were decided adversely to her, and inasmuch as the judgment of the trial court upon said motion is reasonably supported by the evidence we cannot disturb the same here.

The trial court, because of the fact that the order of sale did not run in the name of the state of Oklahoma, set aside the confirmation of sale and the deed executed to the purchaser, but refused to set aside the judgment rendered in said action. From this refusal of the court the plaintiff in error has appealed here. She has presented no plausible reason to show she has been prejudiced by the judgment of the court, and we know of none.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.